# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| CHARLES WILLIAM OCHLECH III, <br><br> Plaintiff, <br><br> vs. <br><br> MARTIN FRINK, CROSSROADS CORRECTIONAL CENTER, CHAPLIN MECKLING, and JOHN AND JANE DOES, <br><br> Defendants. | Cause No. CV 12-002-GF-SEH-RKS <br><br><br> FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On January 14, 2013, this Court issued an Order requiring Mr. Ochlech to provide the Court and counsel with a valid address for service. C.D. 23. The Order was sent to Mr. Ochlech at Crossroads Correctional Center, the only address provided by Mr. Ochlech. The Order was returned to the Court as undeliverable.[1] C.D. 24. Mr. Ochlech has not filed a response to the Court's Order or a Notice of Change of Address as required by Local Rule 5.2(a).

This matter should be dismissed pursuant to Rule 41(b) of the Federal Rules

---

[1]According to Defendant, the Montana Department of Corrections website indicated on January 10, 2013 that Mr. Ochlech's sentence had expired and he was no longer incarcerated by the Montana Department of Corrections. C.D. 21, p. 5, ¶ 14.

1

of Civil Procedure because Mr. Ochlech failed to comply with the Court's January 14, 2013 Order and the Court's Local Rules.

The Court has the inherent power to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Fed.R.Civ.P. 41(b); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). However, dismissal is a harsh penalty and should be imposed as a sanction only in extreme circumstances. Henderson, 779 F.2d at 1423.

The following factors must be considered before dismissal is imposed as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). This case was filed over a year ago. It is at a critical stage in that there is a pending Motion for Summary Judgment C.D. 19 to which Mr. Ochlech has not filed a

response. Without an ability to communicate with Mr. Ochlech, this matter could linger indefinitely. This factor weighs in favor of dismissal.

For much the same reasons, the second factor supports dismissal. The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants. . . ." Ferdik, 963 F.2d at 1261. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." Pagtalunan, 291 F.3d 639 (citing Yourish, 191 F.3d 983). The Court must be able to manage its docket. It cannot do so if Mr. Ochlech refuses to communicate with the Court. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Malone v. United States Postal Service, 833 F.2d 128, 131 (9th Cir. 1987). Mr. Ochlech's refusal to litigate this matter makes prejudice a foregone conclusion. The longer this matter sits, the more prejudice to Defendants.

The Court has considered and provided less drastic alternatives.

Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." Nevijel v. North Coast Life Insurance Co., 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the court is not required to exhaust all such alternatives prior to dismissal. Id. Mr. Ochlech was given an opportunity to notify the Court of his new address but he has not done so. Mr. Ochlech has been advised of the requirement of keeping the Court and opposing counsel apprised of his current address. See C.D. 2–Complaint, p. 7, ¶ VII(A); C.D. 3–Notice of Case Opening; p. 2; C.D. 4–Order to Provide Account Statement; C.D. 6–Order granting Motion to Proceed in Forma Pauperis and Permitting Plaintiff to File an Amended Complaint; C.D. 9–Order denying Motion to Appoint Counsel; C.D. 11–Service Order, p. 12; and C.D. 15–Scheduling Order. Given Mr. Ochlech's refusal to respond to the pending motion or keep his address updated, the Court can envision no further alternatives to dismissal.

Public policy favors the disposition of cases on their merits. Pagtalunan, 291 F.3d 639 (citing Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). However, Mr. Ochlech's failure to respond to Defendants' Motion for Summary Judgment is deemed an admission that the Motion is well-taken. L.R. 7.1(d)(1)(B). Thus, dismissal of the case here will not be contrary to a disposition

on the merits.

It is **RECOMMENDED:**

(1) This matter is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(2) The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Oclech may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Mr. Ochlech files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict

that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Mr. Ochlech from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 25th day of February, 2013.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge